### EVIDENCE IN AN APPROPRIATION CASE.

Circuit Court of Medina County.

THE WADSWORTH & WESTERN TRACTION CO. V. JOHN HUTCH-
INSON, SR., ET AL.

Decided, September 28, 1907.

*Practice—Appropriation Cases—Where View of Premises is Treated as
Evidence Reviewing Court Can Not Pass Upon Weight of Evidence.*

Where all parties acquiesce in a court's instructions that the view of the
premises is evidence in an appropriation case, it is impossible to
include all the evidence in a bill of exceptions and a reviewing
court can not therefore pass upon the weight of the evidence.

*Rogers, Rowley & Rockwell,* for plaintiff in error.
*Andrew & Woods,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The action below was an appropriation proceeding in pro-
bate court, which resulted in an award and judgment of $600
for one-half acre taken and $1,250 damages to the residue of
a mining leasehold estate. This award is complained of as ex-
cessive, but the point is made that we can not weigh the evi-
dence on this or any other issue herein, because the bill of ex-
ceptions fails to exhibit all the evidence which was submitted
to the jury's consideration.

A view was had under the statute; and, following a former
decision of this court, all parties acquiesced in the court's in-
struction to the jury to consider such view as evidence in mak-
ing their award. The Supreme Court has since overturned this
doctrine, in *Zanesville, M. & P. R. R. Co.* v. *Bolen et al,* 76 O.
S., 376, declaring in the opinion that—

"Counsel is surely right in assuming that if the impressions
obtained by the jury from the view are themselves evidence in
the case, there is no way by which that evidence can be carried
into a bill of exceptions, and hence it inevitably follows, as he
insists, that there is not power in a reviewing court to pass
upon the weight of the evidence."

Here, where the view was expressly made evidence, not indeed by force of the statute, but by what is equivalent to an express stipulation of the parties, it is manifest that the evidence before us in the bill of exceptions is incomplete and hence incapable of review.

The witnesses of the plaintiff railroad company should have been permitted to answer the questions put to them on direct examination, at pages 158 and 159, asking what was the fair value of the acre of land taken, and for error in sustaining objections to said questions (and for no other error, for we find no other in the record), the judgment of the courts below are reversed, and the cause remanded to the court of common pleas for a new trial.